**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-6996**

———————

TROY GOODMAN, SR.,

  Plaintiff – Appellant,

  v.

WEXFORD HEALTH SOURCES, INCORPORATED, Under M.O.C.C. Control
or the State of W.Va's Control,

  Defendant – Appellee.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  John T. Copenhaver,
Jr., District Judge.  (2:09-cv-00122)

———————

Argued:  March 22, 2011          Decided:  April 28, 2011

———————

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished opinion.  Judge Shedd wrote the opinion,
in which Judge Duncan and Senior Judge Hamilton joined.

———————

**ARGUED:** Myra Hiott Chapman, UNIVERSITY OF VIRGINIA SCHOOL OF
LAW, Charlottesville, Virginia, for Appellant.  Joseph M.
Farrell, Jr., FARRELL, FARRELL & FARRELL, PLLC, Huntington, West
Virginia, for Appellee.  **ON BRIEF:** Neal L. Walters, Melody E.
Akhavan, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate
Litigation Clinic, Charlottesville, Virginia, for Appellant.
Megan E. Farrell, FARRELL, FARRELL & FARRELL, PLLC, Huntington,
West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Troy Goodman, Sr. appeals the district court's order dismissing his civil rights complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. For the following reasons, we affirm.

I.

Goodman alleges the following facts, which we accept as true and we construe in the light most favorable to him, see Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991), recognizing that liberal construction of his pleadings is especially appropriate here because he is a pro se litigant raising civil rights issues, see Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009). Goodman is incarcerated at the Mount Olive Correctional Complex in West Virginia. On December 9, 2008, he received a pneumococcal polysaccharide vaccine from a nurse employed by Wexford Health Sources, Inc. ("Wexford"). At that time, the nurse gave Goodman a pamphlet issued by the federal government that explained the vaccine and its associated risks. Further, she advised him to seek medical attention in the event he suffered any allergic reaction to the vaccine injection.

On December 11, 2008, Goodman experienced adverse reactions to the vaccine, including swelling and redness in his arm,

breathing problems, and hives. He asked a prison official[1] "for medical assistance" and "to see the doctor, or nurse, for reactions from the shot," J.A. 7, 14, but the prison official denied Goodman's request and threatened him with a "write up" if he was not having any reactions. Goodman then "told the CO to forget about it" and that he would "act as if it didn't happen." J.A. 14.

## II.

Goodman instituted this § 1983 action seeking monetary damages for violations of his Eighth Amendment right to freedom from cruel and unusual punishment. Pursuant to 28 U.S.C. § 1915A, the case was screened by a magistrate judge, who submitted a proposed recommendation to dismiss the case for failure to state a claim of deliberate indifference to a serious medical need. Goodman filed objections to the magistrate judge's recommendation. The district court adopted the magistrate judge's recommendation and dismissed Goodman's complaint. Goodman now appeals.

---

[1] It appears from Goodman's complaint that he directed his request toward "the night worker, or the CO" (i.e. correctional officer), whom he also refers to elsewhere in his filings as simply a "prison official."

4

We review a district court's order granting a motion to dismiss de novo, Schatz, 943 F.2d at 489, and we will dismiss a complaint "if it does not allege 'enough facts to state a claim to relief that is plausible on its face,'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint must allege facts sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted). To prevail on an Eighth Amendment claim, "a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted). The first element "is satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." Id. Mere negligence does not constitute deliberate indifference; "[b]asically, a prison official 'must both be aware of facts

5

from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Thus, a prison official may be held liable for deliberate indifference only where "the official knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

Viewing the allegations of the complaint in the light most favorable to Goodman, we conclude the district court properly dismissed the complaint for failure to state a claim. Goodman alleges that after requesting to see a doctor or nurse, the prison official warned him that he would receive a "write up" if he was not having the complained-of reactions. At that point, Goodman admits that he withdrew his request for assistance and told the prison official to "forget about it." The official could have reasonably inferred from Goodman's response that he was not experiencing any of the alleged reactions; regardless, having received the instruction to "forget about it," and under the facts of this case, no prison official could be deliberately indifferent to a prisoner's medical need by taking no further action. Therefore, we conclude that Goodman's factual allegations do not support a finding that the prison official had a sufficiently culpable state of mind of deliberate indifference.

Goodman also argues that the factual assertions made in his objections should be considered and liberally construed along with the allegations in his complaint in determining whether to dismiss his complaint for failure to state a claim. As such, Goodman contends that dismissal of his complaint was improper because he asserts in his objections that the nurse, in addition to the prison official, knew of but disregarded his medical condition. J.A. 29. Thus, regardless of whether he had withdrawn his request to the prison official, Goodman argues the nurse still had an independent obligation to respond to his request and failure to do so constituted deliberate indifference to a serious medical need. However, Goodman cites no supporting authority, nor have we found any, for the proposition that, when reviewing a complaint for failure to state a claim under 28 U.S.C. § 1915A, factual assertions contained in the plaintiff's objections to the magistrate's recommendation must be viewed in the same light as factual assertions contained in the initial complaint. Cf. 28 U.S.C. § 636(b)(1) (requiring district court to make de novo review of magistrate's proposed findings and recommendations to which objection is made, and permitting the court to receive further evidence); Doe v. Chao, 306 F.3d 170, 183 n.9 (4th Cir. 2002) ("[W]hether to consider such evidence rests within the sound discretion of the district court.").

We decline to decide this issue here because even if we accept as true all of the factual assertions made in Goodman's complaint and objections and construe those facts in a light most favorable to him, we conclude he has failed to state a claim for relief that is plausible on its face. Goodman does not allege that he spoke directly to the nurse to inform her of his medical condition,[2] nor does he allege that anyone told the nurse of his condition. All he alleges is that the nurse knew. This allegation, with nothing more, is not sufficient to support a finding that the nurse had a sufficiently culpable state of mind of deliberate indifference to a serious medical condition.[3]

Therefore, because Goodman has failed to allege facts sufficient to support a finding that the prison official and

---

[2] Goodman's counsel acknowledged during oral argument that Goodman does not allege he actually talked to the nurse, but only that the nurse knew of his condition. Moreover, Goodman's complaint and objections indicate that his communication to the nurse was indirect, rather than direct. For example, he told the CO "to tell the nurse" to write him up, J.A. 14; and he "ask[ed] to see a nurse, or doctor," J.A. 28.

[3] We note that, to the extent the nurse was aware of Goodman's condition, on this record it was necessarily the result of the prison official informing her. And, assuming the prison official did communicate Goodman's request to the nurse, there is no basis to believe he failed to convey Goodman's full conversation, including the fact that he had withdrawn his request for assistance. Nothing in Goodman's complaint suggests the contrary.

nurse were deliberately indifferent to his medical needs, he has failed to state an Eighth Amendment claim against Wexford.

## III.

For the foregoing reasons, we affirm the district court's order dismissing Goodman's complaint.

<u>AFFIRMED</u>