PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ROY L. SMITH,

        *Plaintiff-Appellant,*

v.

AMY L. SMITH, Nurse,

        *Defendant-Appellee.*

No. 08-7139

Appeal from the United States District Court
for the District of South Carolina, at Beaufort.
Henry F. Floyd, District Judge.
(9:07-cv-00275-HFF)

Argued: October 27, 2009

Decided: December 28, 2009

Before MICHAEL and GREGORY, Circuit Judges,
and Benson E. LEGG, Chief United States District Judge
for the District of Maryland, sitting by designation.

Reversed and remanded by published opinion. Judge Gregory wrote the opinion, in which Judge Michael and Judge Legg joined.

## COUNSEL

**ARGUED**: Jamal Malik Edwards, KIRKLAND & ELLIS, LLP, Chicago, Illinois, for Appellant. Samuel F. Arthur, III,

AIKEN, BRIDGES, NUNN, ELLIOTT & TYLER, PA, Florence, South Carolina, for Appellee. **ON BRIEF:** William E. Devitt, P.C., Naima Garvin, Rebecca P. Piper, KIRKLAND & ELLIS, LLP, Chicago, Illinois, for Appellant.

---

**OPINION**

GREGORY, Circuit Judge:

Roy L. Smith ("Smith"), an inmate at the Evans Correctional Institute in Bennettsville, South Carolina, filed a complaint under 42 U.S.C. § 1983 alleging the defendant, Amy L. Smith ("Nurse Smith"), exhibited deliberate indifference to Smith's serious medical need in violation of his Eighth Amendment rights. The district court adopted the magistrate judge's report and recommendation ("R&R"), dismissing the complaint for failure to state a claim and holding the defendant had qualified immunity.

Because we find the district court erred in concluding that Smith failed to state a claim for relief, we reverse the order dismissing his complaint and remand the case to the district court for further proceedings.

I.

A.

The following facts were alleged in Smith's complaint, which attached his prison grievance forms and medical records. On May 18, 2006, Smith received an Order to Report Slip ("OTR") issued by Dr. Pravin Patel for the use of gentian violet, an antifungal agent, to treat a foot infection. Smith had complained of bleeding and peeling of both his left and right feet. The OTR prescribed that he should receive treatment once a week for the next three weeks for the condition. When

Smith went to receive treatment two days later on May 20, he was told by a member of the prison staff that Nurse Smith, a registered nurse at the prison, tore up the OTR which authorized treatment for his condition. He did not receive the prescribed medication that day. He next reported to sick call on May 30, complaining of dry scalp and sinus problems, and again on June 6, complaining of his continuing foot pain. He was treated for the foot infection on June 6, but on June 13 he signed a waiver refusing to receive further treatment for that condition.

On June 6, 2006, Smith filed a Step 1 Inmate Grievance Form with the prison alleging that Nurse Smith tore up his OTR and caused him to be denied the medication ordered by Dr. Patel for fifteen days. The prison warden found that the OTR was destroyed because it was expired and therefore Nurse Smith had not committed any misconduct in the case. In response to a second grievance form, the prison determined that because Smith had refused medical treatment by a signed waiver on June 13, he had not been denied medical care and therefore was not entitled to relief. The prison's institutional grievance process was exhausted on August 29, 2006.

### B.

Smith filed a pro se § 1983 complaint against Nurse Smith in the District Court for South Carolina alleging negligence and deliberate indifference to his medical needs on January 25, 2007. In response to the complaint, Nurse Smith filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Smith failed to exhaust his administrative remedies in the prison and that she was entitled to qualified immunity. She argued that even if Smith had a serious medical condition, there was no allegation or proof that she exhibited deliberate indifference in tearing up the OTR or that it resulted in a denial of medical care or injury to Smith. On June 20, 2007, the magistrate judge issued an R&R proposing that Nurse Smith's motion to dismiss be granted on the basis

of qualified immunity.* The district court adopted the R&R in its entirety on January 22, 2008. This appeal followed.

## II.

This Court reviews a district court's order granting a motion to dismiss de novo. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facts alleged must be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating the complaint, this Court will "construe the factual allegations 'in the light most favorable to the plaintiff.'" *Schatz*, 943 F.2d at 489 (quoting *Battlefield Builders, Inc. v. Swango*, 743 F.2d 1060, 1062 (4th Cir. 1984)). However, "[l]iberal construction of the pleadings is particularly appropriate where, as here, there is a pro se complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978) (citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); (additional citations omitted)).

## III.

Smith argues that the district court erred in dismissing his pro se complaint for two reasons. First, his complaint, properly construed, states a claim of deliberate indifference to his medical needs under the Eighth Amendment. Second, the district court improperly applied the standard in evaluating Nurse Smith's motion to dismiss by construing the facts in a light most favorable to her rather than to him, the pro se plaintiff. We agree with both rationales and discuss each in turn.

---

*The magistrate judge found Nurse Smith's failure-to-exhaust argument was without merit.

A.

In order to state a claim under the Eighth Amendment, a prisoner must allege that "the prison official acted with a sufficiently culpable state of mind and . . . [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)).

The district court did not make a finding regarding whether or not the medical need at issue was sufficiently serious to meet the Eighth Amendment standard, and Nurse Smith conceded that she did not dispute this issue in her motion before the district court, her brief before this Court, or at oral argument. We are, therefore, only left with the task of evaluating whether or not Smith adequately alleged deliberate indifference on the part of Nurse Smith to satisfy the second prong of the Eighth Amendment analysis.

The Supreme Court articulated the standard to state a claim of deliberate indifference to serious medical needs of prisoners in violation of the Eighth Amendment in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Court found that deliberate indifference can be manifested in at least the following three manners: "by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05 (citations omitted).

Smith alleged in his complaint that he was prescribed treatment by Dr. Patel for his foot infection and that when he sought to receive that treatment, he was unable to do so because Nurse Smith ripped up the OTR, which authorized his treatment. Under the standard outlined in *Estelle*, Smith argues that this conduct meets all three of the scenarios. Because we find that Smith has pled deliberate indifference in the form of delay or interference with treatment once pre-

scribed, the other form of indifference under *Estelle* is inapplicable.

In *Estelle*, the Supreme Court endorsed the Sixth Circuit's finding in *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976) that delayed medical treatment can constitute a manifestation of deliberate indifference. 429 U.S. at 104-05 n.11 (citing *Westlake*, 537 F.2d 857). In that case, the inmate alleged that "[a]lthough jail officials were aware of his condition [bleeding ulcer] . . . they refused to grant Appellant's requests until ordered to do so by a doctor." *Westlake*, 537 F.2d at 859. The Sixth Circuit reversed the district court's dismissal of the complaint, finding that the inmate had "adequately stated a cause of action for deprivation of needed medical care . . . ." *Id.* at 861.

Smith similarly stated a claim for deprivation of needed medical care. His complaint stated that he was prescribed medicine by Dr. Patel, and that the OTR enabling him to receive the ordered treatment was destroyed by Nurse Smith, ultimately depriving him of care. In pleading that Nurse Smith destroyed the means for him to access the medical treatment ordered by the doctor, Smith alleged facts sufficient to constitute intentional denial of treatment because mere delay or interference can be sufficient to constitute a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. Taking the pleadings as true, as we are compelled to do when considering a 12(b)(6) motion to dismiss, it is clear that Smith made out a claim for deliberate indifference and the district court erred in finding that Smith failed to state a claim under the Eighth Amendment.

B.

In her motion to dismiss, Nurse Smith alleged she was entitled to qualified immunity from Smith's action, citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). *Harlow* held that a government official is entitled to qualified immunity from suit

where "their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991) (quoting *Harlow*, 457 U.S. at 818). The Supreme Court has held that where qualified immunity is at issue, a court must first determine "whether a constitutional right would have been violated on the facts alleged; [and] . . . second . . . whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 200 (2001). *But see*, *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808, 818 (2009) (holding that the rigid *Saucier* procedure mandating the order of inquiry is not required in all cases).

In evaluating Nurse Smith's motion to dismiss and her claim to qualified immunity, the district court found that "the general Eighth Amendment right at issue was clearly established at the time of the events alleged in the Complaint—in the longstanding principle that a prisoner may not be subjected to deliberate indifference of a serious medical need." *Smith v. Smith*, No. 9:07-cv-275, 8-9 (D.S.C. June 20, 2007) (Kosko, Mag. J.). The district court went on to find that Smith failed to identify where his constitutional rights were violated based on the facts that he alleged. Specifically, the court stated in taking all of his allegations to be true, Smith failed to allege deliberate indifference sufficient to survive Nurse Smith's motion to dismiss. As previously outlined, Nurse Smith did not contest the seriousness of Smith's medical need in her motion to dismiss or her brief before this Court and conceded the point in oral argument. Nurse Smith argues that because Smith received treatment for his condition on June 6, and signed a waiver refusing treatment on June 13, her actions could not have denied him medical care.

The district court erred in examining these issues of fact articulated by Nurse Smith in her motion to dismiss because they fall outside Smith's complaint. Even if those facts were contained within his medical records in their entirety, the district court incorrectly drew an inference against Smith in find-

ing that his refusal to receive treatment on June 13 illustrates that Nurse Smith did not deny him care. Smith, at a minimum, alleged that by destroying the OTR, Nurse Smith delayed his medical care from May 20 when he sought treatment, to June 6, when he received the medication ordered by the doctor. The length of the delay, or the institution's role in causing the delayed medical care are all questions of fact. Because the court was evaluating a motion to dismiss, it should not have looked beyond his complaint in determining whether or not Smith stated a claim under the Eighth Amendment, and for that reason, we find that the district court erred.

Furthermore, because the district court premised both the grant of the motion to dismiss and qualified immunity on its finding that Smith failed to allege deliberate indifference in his complaint, the immunity analysis was prematurely concluded on the erroneous basis that Smith did not plead facts sufficient to indicate Nurse Smith had deliberate indifference to his medical need. As the district court provided no additional reasoning to support qualified immunity, we reverse that holding as well.

## IV.

In light of the foregoing, we reverse the district court's order dismissing Smith's complaint and granting qualified immunity. We remand the case to the district court for further proceedings based on Smith's complaint.

*REVERSED AND REMANDED*