**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-6425**

———————

JOHN N. LOWERY,

Plaintiff - Appellant,

v.

BOYD BENNETT; DENNIS ROWLAND; TARQUINTUS WALSER; LIEUTENANT
ADDINGTON; LIEUTENANT SHERROD; MS. BARZILEY; MR. WOODLIFT;
MS. CANOLIS; MR. HENDERSON; MS. CRAIG,

Defendants – Appellees,

and

MOORIS REID; MS. GODFREY,

Defendants.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge. (5:08-ct-03023-BO)

———————

Submitted:  June 20, 2012             Decided:  August 9, 2012

———————

Before GREGORY, WYNN, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas Davies, PUBLIC JUSTICE CENTER, Baltimore, Maryland, for
Appellant.   Roy Cooper, Attorney General, Peter A. Regulski,

Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

I.

John Lowery is a Department of Corrections ("DOC") inmate confined at the Polk Correctional Institution ("PCI") in its High Security Maximum Control ("Hcon") unit. Hcon "is the isolation of close custody felon inmates that pose, or continue to pose, an imminent threat to the life or health of other inmates or staff . . . ." To be placed in Hcon, an inmate must have been found guilty of a major disciplinary infraction "involving a serious assault, active or passive participation in a riot or mutiny, or seizing or holding a hostage . . . ." or committed some other serious infraction while on maximum control. Hcon procedures forbid any inmates from "creating any type of cell disturbance."

On April 6, 2007, Lowery tapped or knocked on the window of his cell to get the attention of Appellee Henderson,[*] a correctional officer. When Henderson responded, Lowery told the officer that he had been served the wrong meal -- under prison regulations, he was entitled to a vegan special management meal. Henderson spoke with his sergeant, Appellee Barziley, and returned to tell Lowery that there was no such meal. He also

---

[*] The first names of Appellees Henderson, Barziley, Woodlift, Canolis, and Craig do not appear in the record.

3

ordered Lowery not to "hit the window no more." Lowery showed Henderson the prison regulation providing for a vegan special management meal; Henderson acknowledged that Lowery was correct, but repeated his order that Lowery not hit the window and then walked away. Lowery then knocked on his window again and yelled at Henderson that he wanted to speak to the officer in charge. Henderson ignored him. Barziley then sent officers Woodlift, Henderson, and Canolis to put Lowery in full restraints. Woodlift told Lowery that he was being punished for banging on the window. Lowery was taken to an observation cell for several hours, and when he returned to his cell, nearly all of his items had been removed, including his personal hygiene items, religious books, mattress, bedding, towels, and clothing. Pursuant to the prison's procedures, Lowery was placed on strip-cell confinement for ten days. Lowery asserts that as a result, he suffered back and hip pain and that this pain has persisted for more than a year.

During this ten-day period, Appellees Kenneth Addington and Claudia Sherrod were the lieutenants in charge of the day shift and second shift; both helped to carry out Lowery's punishment by sending officers to search his cell and make sure nothing was in it.

Lowery's punishment was in accordance with the policies of the prison. Appellee Tarquintis Walser, the

4

assistant superintendent of special housing, had issued a memo to inmates stating that they must not tap or knock on "cell doors, observation windows, or any other fixtures inside of your cell." Prisoners who violate the rule "will be subject to the removal of all your property (including shoes) from your cell building for up to ten (10) days."

After Lowery's punishment was over, he was taken to Appellee Craig, a nurse at the prison, for examination. Lowery told Craig that he was suffering from hip and back pain and a rash on his face. The nurse did not examine his back, hip, but only his thumb.

In January 2008, Lowery filed suit against the Appellees alleging various violations of his constitutional rights. He also filed a motion under 28 U.S.C. § 1915(e)(1) to appoint counsel; the district court denied that motion. Appellees filed a motion for summary judgment and the district court held that they were entitled to qualified immunity. Lowery notes that while this appeal was pending, PCI changed some of its policies, including those that served as the basis of his First Amendment and Religious Land Use and Institutionalized Person Act claims. As a result, he appeals only the district court's dismissal of his Eighth Amendment claims.

II.

Lowery makes several arguments on appeal. He asserts that (1) he did not waive the argument that the Appellees violated his Eighth Amendment rights; (2) the district court erred in dismissing his first Eighth Amendment claim that he was unjustifiably punished for knocking on his window; (3) the district court erred in dismissing his second Eighth Amendment claim that Craig, the DOC nurse, failed to treat him; and (4) the district court abused its discretion in denying his motion for appointment of counsel. We reject these arguments and affirm the district court.

A.

The Government first makes the affirmative defense, not presented below, that Lowery waived his claims regarding the promulgation and enforcement of PCI's cell restrictions. It argues that Lowery's complaint asserted that Hcon's procedures were not followed in his specific case; only on appeal did Lowery assert that the procedures themselves were unconstitutional. Citing Broaddus v. Shields, 665 F.3d 846, 853 (7th Cir. 2011), the Government contends that issues not first presented to the trial court cannot be raised on appeal as grounds for reversal.

6

We reject this argument. Lowery's complaint alleges the facts surrounding his ten-day punishment and then asserts that his Eighth Amendment rights were violated. It is true that he never directly addresses this issue in his complaint, making only the broader assertion that his constitutional rights were violated. But because Lowery was not assisted by counsel, his court papers must be liberally construed to afford him relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed . . . .") (citations omitted). We therefore hold that Lowery did not waive these causes of action.

B.

The Appellant first challenges the district court's order entering summary judgment on qualified immunity grounds on his claim that the prison violated his Eighth Amendment rights in sentencing him to a ten-day confinement. This Court reviews the issue de novo. Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011). Summary judgment is appropriate when, after reviewing the record as a whole, no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986).

Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not

7

violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). This Circuit has adopted a two-pronged approach: First, the court must "decide whether a constitutional right would have been violated on the facts alleged." Bailey v. Kennedy, 439 F.3d 731, 739 (4th Cir. 2003). Second, assuming that a right was violated, courts must consider whether that right was clearly established. Id. With respect to the second prong, the question is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001). At the same time, the courts have the discretion to decide which prong is analyzed first. Pearson v. Callahan, 129 S. Ct. 808 (2009).

1.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONT. amend. VIII. It forbids the "unnecessary and wanton infliction of pain" against inmates. Whitley v. Albers, 475 U.S. 312, 319 (1986); Rhodes v. Chapman, 452 U.S. 337, 346 (1981). To make out a claim, a plaintiff must allege "the prison official acted with a sufficiently culpable state of mind and ... [that] the deprivation suffered or injury inflicted on the inmate was

8

sufficiently serious." <u>Iko v. Shreve</u>, 535 F.3d 225, 238 (4th Cir.2008).

The objective component of this claim is "contextual and responsive to 'contemporary standards of decency.'" <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992) (citations omitted). The plaintiff has a high burden:

> Extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty . . . only those deprivations denying the minimal civilized measures of life's necessities are sufficiently grave . . . .

<u>Id.</u> at 9. With respect to the subjective component, the plaintiff must show "obduracy and wantonness, not inadvertence or error in good faith . . . ." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-99 (1991). In the context of a condition-of-confinement claim, the offending official must generally have acted with deliberate indifference. <u>Wilson</u>, 501 U.S. at 303.

The Appellant relies heavily on <u>Hope v. Pelzer</u>, 536 U.S. 730, 737-38 (2002), where the Supreme Court held that a prisoner's Eighth Amendment rights were violated when prison guards handcuffed the plaintiff to a hitching post for over seven hours without regular water or bathroom breaks. 536 U.S. at 733. Noting the "clear lack of an emergency situation" and the "substantial risk of physical harm," the Court held the use of the hitching post violated the Eighth Amendment. <u>Id.</u> at 738.

9

Importantly, the conduct giving rise to the constitutional violation in Hope was in accordance with that prison's procedures: the use of the hitching post was a common practice. Id. at 734-35. Similarly, the Appellant argues, he was confined for ten days without any personal items or a mattress for knocking on his window and arguing with the guard. Because "Hope was treated in a way antithetical to human dignity . . . and under circumstances that were both degrading and dangerous," id. at 745, his claim must move forward.

The facts of this case, however, are readily distinguishable from Hope. To begin with, the Hope Court noted the unusual nature of the punishment at issue: "[O]ur system of justice has consistently moved away from forms of punishment similar to hitching posts in prisons." Id. at 737 n.6. Here, in contrast, the use of a prison cell and the removal of personal items is a common penological tool. Second, the defendant in Hope was in substantially more physical danger than the Appellant. There the defendant was given little to no water, no bathroom breaks, and was attached to a post and forced to stand up in an uncomfortable position for 7.5 hours; he was out in the sun, without his shirt on, and the heat generated by his handcuffs burned his skin. Id. at 735. In this case, Lowery did allege that he suffered injury to his hip and back, but the extent of the physical danger involved is substantially

10

less. Third, the prison had a legitimate penological justification for imposing the cell restriction. As the Government notes in its brief, the restraints were the price disruptive inmates pay for their behavior. The restrictions were not arbitrarily instituted, but the result of conduct that the Appellant himself admits was in violation of prison policy. The legitimate interest the prison has in maintaining order -- especially in Hcon, where every inmate has already committed several serious infractions -- was not present in Hope. While the punishment inflicted on the Appellant was severe, it did not constitute an unnecessary or wanton infliction of suffering.

Even assuming that the objective component of the Eighth Amendment violation were satisfied, the Appellant has not alleged facts sufficient to establish the subjective component -- that the prison officials demonstrated obduracy or wantonness, rather than inadvertence or error in good faith. See Wilson, 501 U.S. at 298-99. As the Whitley Court noted:

> Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to . . . prophylactic or preventive measures intended to reduce the incidence of . . . breaches of prison discipline.

Whitley v. Alberts, 475 U.S. 312 (1986). The use of cell restriction was not left to the discretion of correctional

11

personnel or applied on an ad-hoc basis, but uniformly applied to all Hcon inmates causing a disturbance. There are no allegations that suggest the officials acted in anything but good faith. The Appellant therefore cannot meet his burden on the Eighth Amendment claim, and we affirm the district court's order as to this cause of action.

If there was no Eighth Amendment violation, then there can be no vicarious liability on the part of the supervising officers. See Lewis v. Tripp, 604 F.3d 1221, 1227 (10th Cir. 2010). We therefore also affirm the entry of summary judgment as to Appellees Walser, Rowland, Bennett, Addington, and Sherrod.

C.

Lowery next argues that the district court erroneously entered summary judgment on his claim against Appellee Craig for her alleged failure to provide proper medical care. An appeal of a district court's entry of summary judgment is reviewed de novo. Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011).

The Eighth Amendment mandates that prison officials provide inmates with "adequate . . . medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[D]eliberate indifference to serious medical needs of prisoners violates the Amendment because it constitutes the unnecessary and wanton infliction of

12

pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993) (citations omitted). "[S]uch deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs . . . ." United States v. Clawson, 650 F.3d 530, 537 (4th Cir. 2011) (citations omitted). As with any other Eighth Amendment violation, the defendant must demonstrate that the official acted with a sufficiently culpable state of mind and that the injury inflicted is sufficiently serious. Shreve, 535 F.3d at 238.

With respect to the subjective component, the Supreme Court has found that deliberate indifference can be manifested in at least three ways: "[B]y prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Smith v. Smith, 589 F.3d 736, 738-39 (4th Cir. 2009) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Here, the allegations that the nurse was deliberately indifferent are sufficient to survive a motion for summary judgment. According to the complaint, Craig was informed that the Appellant had both hip and back pain. While Craig examined Lowery's thumb, she did not examine his back or hip. Id. Lowery then repeated that he had back and hip pain and requested treatment; Craig responded by saying "no."

With respect to the objective component, the plaintiff must demonstrate that the medical need was "sufficiently serious." "A 'serious ... medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (citing Estelle, 429 U.S. at 97). We hold that that the injuries alleged are not sufficiently serious to make out an Eighth Amendment claim. Lowery asserts only that he suffers from "hip and back pain." E.g., Br. of Appellant 32. It is not possible to infer, based on this fact alone, that the medical need was so serious that any lay person would recognize the necessity of treatment. This case may be analogized to the Sixth Circuit's decision in Lockett v. Suardini, 526 F.3d 866, 877 (6th Cir. 2008), where that court held that a nurse's refusal to treat minor lacerations did not constitute a sufficiently serious injury to make out an Eighth Amendment claim. While the Appellant repeatedly notes that his back and neck pain has persisted for more than a year, e.g., Br. of Appellant 32, this argument ignores the fact that Craig's allegedly improper conduct occurred when the symptoms first manifested. The Appellant must show that the medical need was serious when he was examined by Craig, not that they were serious one year later. The bare allegations that the Appellant

14

suffered "pain" are not sufficient to establish the requisite level of seriousness. We therefore affirm the district court's entry of summary judgment as to Appellee Craig.

D.

Finally, Lowery argues that the district court improperly denied his motion to appoint counsel. This Court reviews the decision to deny appointed counsel in a civil case for abuse of discretion. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989).

The Constitution does not compel the appointment of counsel in civil cases. Id. However, 28 U.S.C. § 1915(e) does give the trial courts the power to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e) (1996). The courts are instructed to exercise this power "only in exceptional circumstances." Yuam, 739 F.3d at 163. Whether the circumstances are exceptional depends on "the type and complexity of the case, and the abilities of the individuals bringing it." Id.

In this case there are no exceptional circumstances that would justify reversing the district court on abuse-of-discretion grounds. The issues presented -- whether the ten-day confinement or Craig's failure to treat the Appellant's hip and

back pain violated the Appellant's Eighth Amendment rights -- are straightforward. Moreover, the Appellant was an able litigant: he followed the district court's direction and timely filed successive complaints, sought mediation, and timely filed a notice of appeal. We therefore affirm the district court's denial of Appellant's motion to appoint counsel.

## III.

For the reasons discussed above, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

16