**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-6716**

FRENCHIS GERALD ABRAHAM,

Plaintiff - Appellant,

v.

YVONNE MCDONALD, RN; JUDY RABON, RN; JON E. OZMINT,
Director; A. J. PADULA, Warden; DOCTOR MOORE; MARCUS A.
PRATT, LPN; DOCTOR BENOIR, MD; BENJAMIN F. LEWIS, JR., MD;
JENNIFER N. BOWMAN, MAT; SAMANTHA F. MCCOY, MAT; FRAN
CHAMBERS, LPN; MARIETTA DINGLE, Admin Asst,

Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Richard M. Gergel, District
Judge.  (6:11-cv-00046-RMG)

Submitted:  August 31, 2012          Decided:  September 7, 2012

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Frenchis Gerald Abraham, Appellant Pro Se.  Samuel F. Arthur,
III, AIKEN, BRIDGES, NUNN, ELLIOTT & TYLER, PA, Florence, South
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frenchis Abraham, a South Carolina inmate, filed this action under 42 U.S.C. § 1983 (2006), seeking relief on his claim that Defendants violated his rights under the Eighth Amendment. Abraham alleged that Defendants displayed deliberate indifference to his serious medical needs by preventing timely and adequate treatment for his splenic cyst condition. Although the magistrate judge recommended denying summary judgment, the district court concluded that no issue of fact remained and that based on the facts alleged, the acknowledged delay in Abraham's treatment did not cause him substantial harm. Because we believe the substantial harm issue is not, in this case, subject to resolution at the summary judgment stage, we vacate the district court's grant of summary judgment and remand for further proceedings.

We review a grant of summary judgment de novo, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party. Dulaney v. Packaging Corp. of Am., 673 F.3d 323, 330 (4th Cir. 2012). A court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of

2

pain" prohibited by the Eighth Amendment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Iko v. Shreve</u>, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). We conclude that Abraham's cysts, causing repeated instances of abdominal pain, vomiting, difficulty eating, difficulty urinating, and blood in the urine, constituted a serious medical condition. Moreover, doctors initially diagnosed the problem and prescribed treatment in 2009; no significant treatment occurred until 2011.

To show a defendant's deliberate indifference to a serious medical need, a prisoner must allege the defendant knew of and disregarded "the risk posed by" that need. <u>Id.</u> "[A]n inadvertent failure to provide adequate medical care" does not satisfy the standard, and thus mere negligence in diagnosis or treatment is insufficient to state a constitutional claim. <u>Estelle</u>, 429 U.S. at 105-06. Such indifference can be displayed, however, through the response of prison doctors and other institutional personnel to an inmate's medical needs, including ignoring an inmate's serious condition or delaying medically necessary treatment. <u>Id.</u>

"A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) (vacating and remanding summary dismissal of complaint alleging three-month delay in dental treatment); see Smith v. Smith, 589 F.3d 736, 738-39 (4th Cir. 2009) (finding claim of delay in administering prescribed medical treatment stated an Eighth Amendment claim).

In granting summary judgment in this case, the district court reasoned that Abraham did not suffer substantial harm from the acknowledged delay in treatment for his splenic cyst. However, we perceive a genuine issue of fact as to whether Abraham did, in fact, suffer such harm. Abraham regularly reported to medical staff abdominal pain, vomiting and blood in his urine. Abraham also reported being unable to eat. In his filings in the district court, Abraham complained of "chronic and serious pain" that significantly affected his daily activities, such as "trouble swallowing food, [bowel trouble,] and trouble urinating." Additionally, Abraham continued to have pain following an aspiration procedure, prompting a doctor to order another CT scan. Abraham's cysts were pervasive, ultimately requiring that he undergo more extensive surgery.

Accordingly, we vacate the grant of summary judgment and remand for further proceedings.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*] We express no opinion on the claims of immunity asserted by Defendants below, as the district court has not yet addressed the issue of immunity.