**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-7582**

MARTIN JAMES SHARPE, a/k/a James Martin Sharpe, a/k/a James Sharpe,

     Plaintiff - Appellant,

   v.

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, SCDC; DR. WILLIAM AKERMAN, SCDC Dental Director; DR. UBAH, Dentist Lee CI; MCCLARY, Dental Assistant Lee CI; GREGG, Dental Assistant Broad River CI; DWIGHT D. MCMILLIAN, Broad River Correctional Institution,

     Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Florence. David C. Norton, District Judge. (4:13-cv-01538-DCN)

Submitted:  March 26, 2015    Decided:  April 3, 2015

Before MOTZ and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Martin James Sharpe, Appellant Pro Se.  James E. Parham, Jr., Irmo, South Carolina; Ashley S. Heslop, TURNER, PADGET, GRAHAM & LANEY, PA, Charleston, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martin James Sharpe appeals the dismissal of his 42 U.S.C. § 1983 (2012) action following the district court's order accepting in part the recommendation of the magistrate judge and granting Defendants' motions for summary judgment. Sharpe alleged that Defendants were deliberately indifferent to his serious medical needs when they failed to treat his painful wisdom tooth and delayed referral to an oral surgeon for its extraction. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

We review a district court's grant of summary judgment de novo, applying the same legal standards as the district court and viewing the evidence in the light most favorable to the nonmoving party. Martin v. Lloyd, 700 F.3d 132, 135 (4th Cir. 2012). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

To prevail on a claim of constitutionally inadequate medical care, a plaintiff must establish acts or omissions

harmful enough to constitute deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). First, he must objectively show that the deprivation suffered or the injury inflicted was sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted).

Next, the prisoner must show that the defendant acted with deliberate indifference to his serious medical need. See Farmer, 511 U.S. at 834. Deliberate indifference can be established by showing that the medical treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837.

"[A]n inadvertent failure to provide adequate medical care" does not satisfy the standard, and thus mere negligence in diagnosis or treatment is insufficient. Estelle, 429 U.S. at 105-06. Moreover, mere disagreement between an inmate and medical staff regarding the proper course of treatment provides no basis for relief. Russell v. Sheffer, 528 F.2d 318, 319 (4th

4

Cir. 1975). Instead, officials evince deliberate indifference by acting intentionally to delay or deny the prisoner access to adequate medical care or by ignoring an inmate's known serious medical needs. Estelle, 429 U.S. at 104-05; Young v. City of Mount Ranier, 238 F.3d 567, 576 (4th Cir. 2001). "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) (vacating and remanding summary dismissal of complaint alleging three-month delay in dental treatment); see Smith v. Smith, 589 F.3d 736, 738-39 (4th Cir. 2009) (finding claim of delay in administering prescribed medical treatment stated an Eighth Amendment claim).

Viewing the evidence in the light most favorable to Sharpe, we conclude that the district court properly granted summary judgment to Defendant McMillian and Defendant Akerman. However, we find the district court's reliance on Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997), with regard to Sharpe's claims against Defendant Ubah, to be misplaced. Sharpe's sworn declaration creates a genuine dispute of material fact as to Defendant Ubah's knowledge of Sharpe's serious medical needs and precludes summary judgment as to Defendant Ubah. Accordingly, we vacate that portion of the district court's order. The district court's finding that Ubah was entitled to qualified

5

immunity based on the lack of a constitutional violation is also vacated. This case is remanded to the district court for further proceedings.

We deny Sharpe's motion for the appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>