**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 14-7814**

―――――――――

ROCKY JOHNSON,

        Plaintiff - Appellant,

     v.

EVA FIELDS, Nurse; DIANE RAY, Transform Health; TABIATHA
BRUNER, Transform Health; SCOTT ALLEN, Captain; LT. GOULD;
DAVID BISHOP, Lt.; RYAN P. ZABLOUDIL; COX; RAY; WATKINS;
BILL SALYERS, Captain,

        Defendants - Appellees.

―――――――――

Appeal from the United States District Court for the Western
District of North Carolina, at Bryson City. Frank D. Whitney,
Chief District Judge. (2:14-cv-00038-FDW)

―――――――――

Submitted: April 30, 2015           Decided: June 30, 2015

―――――――――

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

―――――――――

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

―――――――――

Rocky Johnson, Appellant Pro Se.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rocky Johnson appeals the district court's order denying relief in his 42 U.S.C. § 1983 (2012) action. The district court dismissed his claim for deliberate indifference to serious medical needs with prejudice for failure to state a claim and dismissed his remaining claims, which included being prohibited from possessing his Bible for a period of 60 days ("Bible claim"), being deprived of the ability to write letters for the same period ("correspondence claim"), and being denied a shower and change of clothes for a period of 12 days ("shower claim"), among other claims, without prejudice for failing to exhaust administrative remedies. We affirm in part, vacate in part, and remand.

"Whether a district court properly required a plaintiff to exhaust [his] administrative remedies before bringing suit in federal court is a question of law" that we review de novo. Talbot v. Lucy Corr Nursing Home, 118 F.3d 215, 218 (4th Cir. 1997). The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his available administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a) (2012); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). Such exhaustion must be "proper"; that is, the prisoner must "us[e] all steps that the agency holds out[] and do[] so properly." Woodford, 548 U.S. at 90 (internal quotation marks and emphasis omitted).

2

Under the PLRA, failure to exhaust administrative remedies is an affirmative defense, which an inmate is not required to plead or demonstrate in his complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). Rather, the defendant bears the burden to establish a prisoner's failure to exhaust. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). A district court is permitted to address the issue of exhaustion sua sponte, however, and may dismiss the complaint without input from the defendant if the "failure to exhaust is apparent from the face of the complaint," and the inmate has been provided an opportunity to respond on the exhaustion issue. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005).

As to his Bible claim, correspondence claim, and shower claim, we conclude that Johnson's failure to exhaust is not clear from the face of the complaint and associated pleadings. These claims relate to the sanctions Johnson received following a disciplinary hearing. The sanction decision detailed the administrative steps a prisoner must take prior to filing a complaint with the court system when dissatisfied with the hearing or sanction. Johnson has made a prima facie showing that he exhausted these steps. Thus, we vacate the district court's dismissal without prejudice for failure to exhaust as to these claims.

We review de novo dismissals for failure to state a claim under 28 U.S.C § 1915A(b)(1) (2012), "applying the same standards as those for reviewing a dismissal under Fed. R. Civ. P. 12(b)(6)." De'Lonta v. Angelone, 708 F.3d 520, 524 (4th Cir. 2013). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks and brackets omitted). As a result, to survive such a motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In assessing the complaint's plausibility, we accept as true all the factual allegations contained therein." De'Lonta, 708 F.3d at 524.

"[D]eliberate indifference to the serious medical needs of a pretrial detainee violates the due process clause." Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001). In order to make out a prima facie claim of deliberate indifference, Johnson must allege "that the defendants actually knew of and disregarded a substantial risk of serious injury to

4

[him] or that they actually knew of and ignored [his] serious need for medical care." Id. at 575-76.

We conclude that Johnson alleged in his complaint a prima facie case of deliberate indifference to serious medical needs. Johnson pleaded facts that showed the Defendants were on notice as to his medical need but delayed treatment for two months. White by White v. Chambliss, 112 F.3d 731, 737 (4th Cir. 1997) ("A claim of deliberate indifference . . . implies at a minimum that defendants were plainly placed on notice of a danger and chose to ignore the danger notwithstanding the notice."); see also Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009) ("[M]ere delay or interference can be sufficient to constitute a violation of the Eighth Amendment."). Johnson's allegations further raised a factual question as to whether he had a medical need that was "serious." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) ("[A] serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (internal quotation marks and alterations omitted)). Thus, dismissal of this claim was premature.

Accordingly, we vacate the judgment of the district court dismissing without prejudice the Bible and correspondence claims against Defendants Allen and Bishop and the shower claim against

5

Defendants Allen, Bishop, and Gould. We further vacate the district court's dismissal with prejudice of Johnson's claim of deliberate indifference to serious medical needs against Defendants Salyers and Diane Ray. As to the remaining claims and Defendants, we affirm the district court's dismissal without prejudice. We remand for further proceedings consistent with this opinion but express no opinion about the merits of Johnson's claims.

We deny Johnson's motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>