**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-6278

JAMES LESTER ROUDABUSH, JR.,

Plaintiff – Appellant,

v.

F. MILANO, Captain; RICHARDSON; RYAN STERN; D. LAWHORNE, Sheriff;
GRAHAM, Counselor; MS. HILTON, CDUSM; STEARNS, Chief,

Defendants – Appellees,

and

C. M. HILTON, U.S.D.J.; R. B. SMITH,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at
Norfolk.  Arenda L. Wright Allen, District Judge.  (2:13-cv-00676-AWA-LRL)

Argued:  October 24, 2017                        Decided:  November 27, 2017

Before NIEMEYER, TRAXLER, and WYNN, Circuit Judges.

Affirmed in part, reversed in part, and remanded by unpublished per curiam opinion.

**ARGUED:** Kelsey Mellan, WAKE FOREST UNIVERSITY SCHOOL OF LAW,
Winston-Salem, North Carolina, for Appellant.  Alexander Francuzenko, COOK CRAIG

& FRANCUZENKO, PLLC, Fairfax, Virginia, for Appellees. **ON BRIEF:** John J. Korzen, Director, Matthew D. Cloutier, Third-Year Law Student, James Lathrop, Third-Year Law Student, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Lester Roudabush, Jr., appeals the district court's order dismissing his claims under 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Appellees Captain F. Milano, Sergeant Richardson, Deputy Ryan Stern, Sheriff D. Lawhorne, Counselor Graham, Ms. Hilton of the United States Marshals Service, and Chief Stearns. The district court granted motions to dismiss filed by defendants Milano, Lawhorne, Richardson, Graham, and Deputy Stearn, under Federal Rule of Civil Procedure 12(b)(6), and dismissed Roudabush's claims against Hilton and Chief Stearns pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We affirm in part, reverse in part, and remand to the district court for further proceedings.

I.

Roudabush is an inmate housed at the Alexandria Detention Center ("ADC") in Virginia. He brought this *pro se* complaint, alleging, *inter alia*, that the defendants discriminated against him on the basis of his race, engaged in a civil conspiracy to place him in administrative segregation when he complained about his disparate treatment, and denied him procedural due process by placing him in protective custody in violation of ADC policy without a hearing.[*]

---

[*] Roudabush originally filed a *pro se* appeal of the district court's decisions. We appointed counsel to represent him, received additional briefing on the equal protection, civil conspiracy, and due process claims from counsel, and scheduled the case for oral argument.

3

Roudabush's complaint generally alleges widespread racial discrimination at the ADC against white and Hispanic inmates and in favor of black inmates. According to Roudabush, black inmates are allowed to have outside food and extra food from the prison kitchen, are given preferential status on the trustee list, and are given extra and better recreational times. In particular, Roudabush alleges that defendant Graham assigns white and Hispanic inmates to recreation breaks between 2 a.m. and 4 a.m., and gives black inmates recreation time when they want it and with the inmates of their choice. Roudabush alleges that black inmates are also allowed to choose and change their cells at will and to have private cells, whereas white inmates are not allowed to choose their cells, and no white inmates have private cells except when on lockdown. For example, Roudabush alleges that on September 4, 2013, he was arbitrarily moved from his assigned cell, where he could see the television, to an inferior and unclean cell where he could not see the television, because a black inmate wanted his cell. Roudabush alleges that he complained to the defendants about this disparate treatment beginning in April 2013, but to no avail. He alleges that on September 22, 2013, several black inmates began threatening him and that, on September 26, 2013, he was transferred from his unit at ADC to protective custody, in retaliation for his complaints of discrimination.

## II.

We review a district court's grant of a motion to dismiss de novo. *See King v. Rubenstein,* 825 F.3d 206, 214 (4th Cir. 2016). When evaluating the complaint, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). In addition, when a plaintiff files a complaint

*pro se*, the court must construe the pleading requirements liberally. *See id.* For a complaint to survive a Rule 12(b)(6) motion, its "'[f]actual allegations must be enough to raise a right to relief above the speculative level'—that is, the complaint must contain 'enough facts to state a claim for relief that is plausible on its face.'" *King*, 825 F.3d at 214 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *see also De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013) (explaining that standards for dismissal under § 1915A for failure to state a claim are the same as for Fed. R. Civ. P. 12(b)(6)). "Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." *King*, 825 F.3d at 214 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To succeed on his equal protection claim, Roudabush must first allege facts showing that he was treated differently from others who were similarly situated and that such unequal treatment resulted from intentional or purposeful discrimination. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). Once "he makes this showing, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Id. at 731 (internal quotation marks omitted).

The district court rejected Roudabush's racial discrimination claim, stating that Roudabush's "only assertion that relates to the treatment that [he] himself received is that he was moved from his cell, where the television was visible, to a corner cell, where the television was not visible," so that it could be "given to a black inmate who wanted to be able to view the television." J.A. 80. As noted above, however, this was not Roudabush's only complaint of disparate treatment. Roudabush also included several allegations that black inmates, but not white inmates, were allowed to pick and choose their cells, that

5

white and Hispanic inmates were provided with severely restricted recreation times in comparison to the black inmates, and that black inmates alone were allowed outside food and extra food. We are satisfied that these allegations, liberally construed, are sufficient to allege that the denial of privileges to white inmates, including Roudabush, were racially motivated, so as to "nudge [his equal protection claim] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, we hold that the district court erred in dismissing Roudabush's equal protection claim.

With regard to Roudabush's appeal of the district court's dismissal of his remaining claims, including his claims of civil conspiracy and for violation of his due process rights, we affirm the district court's dismissal. Roudabush's conclusory allegations offered in support of these claims were plainly insufficient to survive the defendants' motions to dismiss. *See King*, 825 F.3d at 214; *Iqbal*, 556 U.S. at 679.

### III.

Accordingly, we reverse the district court's dismissal of Roudabush's equal protection claim and remand for further proceedings. We affirm the district court's dismissal of Roudabush's remaining claims.

*AFFIRMED IN PART, REVERSED IN PART, AND REMANDED*