**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 19-2448**

─────────────

EDWIN CHARLES KRELL,

       Plaintiff - Appellee,

    v.

STATE TROOPER KYLE BRAIGHTMEYER; STATE TROOPER TYSON BRICE,

       Defendants - Appellants,

    and

QUEEN ANNE'S COUNTY, MARYLAND; LAMONTE COOKE, Individually and in his Official Capacity as Warden, Queen Anne's County Detention Center; GARY HOFMANN, Individually and in his Official Capacity as Sheriff, Queen Anne's County Detention Center; OFFICER DUCKERY, Individually and in his Official Capacity as Corrections Officer, Queen Anne's County Detention Center; OFFICER MARCY, Individually and in her Official Capacity as Corrections Officer, Queen Anne's County Detention Center; OFFICER CRABTREE, Individually and in his Official Capacity as Corrections Officer, Queen Anne's County Detention Center; OFFICER JOHN DOE #1, Individually and in his Official Capacity as Corrections Officer, Queen Anne's County Detention Center; OFFICER JOHN DOE #2, Individually and in each officer's Official Capacity as Corrections Officer, Queen Anne's County Detention Center,

       Defendants.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge.  (1:18-cv-00637-JKB)

─────────────

Submitted:  September 11, 2020                    Decided:  September 22, 2020

––––––––––––––––––

Before AGEE and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

––––––––––––––––––

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

––––––––––––––––––

Brian E. Frosh, Attorney General, Phillip M. Pickus, Assistant Attorney General, Brent D. Schubert, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Pikesville, Maryland, for Appellants.  Cary J. Hansel, Ashton Zylstra, HANSEL LAW, P.C., Baltimore, Maryland, for Appellee.

––––––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edwin Charles Krell commenced this 42 U.S.C. § 1983 action against two Maryland state troopers, Kyle Braightmeyer and Tyson Brice ("Defendants"), alleging excessive force, deliberate indifference to serious medical needs, an equal protection violation, and related state law claims. Asserting qualified immunity, Defendants moved for summary judgment. The district court denied the motion in part, and Defendants timely appealed. For the reasons that follow, we vacate the district court's judgment relating to Krell's negligence claim but otherwise affirm.

"Qualified immunity protects government officials from civil liability and suit insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Attkisson v. Holder*, 925 F.3d 606, 623 (4th Cir. 2019) (internal quotation marks omitted). "To overcome an official's claim of qualified immunity, the plaintiff must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Id.* (internal quotation marks omitted). On appeal from the denial of summary judgment and qualified immunity, we review the district court's decision de novo. *Pegg v. Herrnberger*, 845 F.3d 112, 117 (4th Cir. 2017).

As an initial matter, we emphasize that, at this stage, our review is limited to pure questions of law. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Thus, we cannot decide "question[s] of evidence sufficiency," *Johnson v. Jones*, 515 U.S. 304, 313 (1995) (internal quotation marks omitted), or "whether or not the pretrial record sets forth a 'genuine' issue of fact for trial," *id.* at 319-20. For this reason, we need not dwell on the evidence-based

3

arguments that occupy much of Defendants' opening brief. Rather, we will simply "accept the facts as the district court articulated them" before "determin[ing] whether, based on those facts, a reasonable person in the defendant's position could have believed that he or she was acting in conformity with the clearly established law at the time." *Pegg*, 845 F.3d at 117 (internal quotation marks omitted).

This action concerns Defendants' conduct during and after Krell's allegedly violent arrest inside of his home. The district court, construing the factual disputes in the light most favorable to Krell, found that a jury could reasonably conclude: that, after Defendants entered Krell's residence, Braightmeyer tackled Krell to the ground and smashed his face into the tile floor, even though Krell neither resisted arrest nor posed a physical threat to the officers; that Braightmeyer both declined Krell's request to reposition his handcuffs in order to alleviate his shoulder pain and, in so doing, used a slur regarding Krell's sexual orientation; and that, during the several hours that Krell was in Defendants' custody, Defendants refused to provide him with medical treatment, despite Krell's repeated complaints about his visibly injured shoulder. Based on this version of events, the district court largely rejected Defendants' qualified immunity defense.

"The Fourth Amendment prohibits police officers from using excessive force to seize a free citizen." *Hupp v. Cook*, 931 F.3d 307, 321 (4th Cir. 2019) (internal quotation marks omitted). In determining whether the force at issue was excessive or reasonable, we consider the totality of the circumstances. *Id.* at 321-22. Several specific factors guide our analysis, "including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, . . . whether the suspect was actively

4

resisting arrest or attempting to evade arrest by flight," and "the extent of the plaintiff's injuries." *Id.* at 322 (brackets and internal quotation marks omitted).

Based on the evidence adduced at summary judgment, the district court held that a jury could reasonably find that Braightmeyer unnecessarily slammed Krell's face into the floor. In disputing this conclusion, Defendants assert that the excessive force claim necessarily fails because, like in *Pegg*, Krell suffered only de minimis injuries. *See Pegg*, 845 F.3d at 120 ("An efficient, lawful arrest of a resisting suspect that causes the suspect to suffer only de minimis injuries does not constitute excessive force."). But this contention necessarily relies on the premise that Krell was uncooperative, even though the district court made clear that a factfinder could reasonably determine that Krell did not resist arrest. Thus, we conclude that Krell can prevail on his excessive force claim regardless of the extent of his injuries. *See Hupp v. Cook*, 931 F.3d 307, 322 (4th Cir. 2019) (emphasizing that plaintiff's "minor injuries . . . [were] but one consideration in determining whether force was excessive" (internal quotation marks omitted)). We further conclude that, at the time of Krell's arrest, the law clearly prohibited Defendants from "using unnecessary, gratuitous, and disproportionate force to seize a secured, unarmed citizen." *Jones v. Buchanan*, 325 F.3d 520, 532 (4th Cir. 2003). Thus, we affirm the denial of qualified immunity on Krell's excessive force claims.

Turning to the deliberate indifference claim, it is well established that "a pretrial detainee makes out a due process violation if he shows deliberate indifference to serious medical needs within the meaning of *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976)." *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988); *see Parrish ex rel. Lee v. Cleveland*,

5

372 F.3d 294, 302 (4th Cir. 2004).  Under that standard, the plaintiff must first demonstrate that he had a serious medical condition—i.e., a condition that "has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (internal quotation marks omitted).  Second, the plaintiff must establish that the defendants acted with deliberate indifference—i.e., that they "had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Id.* at 357 (brackets and internal quotation marks omitted).

Defendants contend that Krell, who had a history of shoulder problems, had to present evidence that his arrest resulted in a new or exacerbated injury.  Thus, according to Defendants, Krell's mere complaints of pain were insufficient to establish a constitutional violation.  We disagree.  As the district court correctly held, a plaintiff can maintain a deliberate indifference claim based solely on the theory that the defendant withheld, delayed, or interfered with medical treatment.  *Gordon*, 937 F.3d at 359; *Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009).  As a result, even if Krell did not suffer a new or exacerbated injury, evidence that Defendants failed to provide medical care for Krell's substantial pain is enough to prevail on a claim of deliberate indifference.

In addition, we conclude that the requirement that Defendants provide treatment for Krell's pain was clearly established at the time of the incident.  *See Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978) (holding that pretrial detainee stated deliberate indifference claim by alleging that, for at least 11 hours, defendants failed to provide medical treatment for detainee's broken arm).  Although, as Defendants emphasize, the plaintiff in *Loe* spent

6

more time in the defendants' custody than the three hours Krell spent in Defendants' care, we find this distinction immaterial. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 538 (4th Cir. 2017) ("[D]efendants can still be on notice that their conduct violates established law even in novel factual circumstances, so long as the law provided fair warning that their conduct was unconstitutional." (internal quotation marks omitted)). Thus, we agree with the district court's decision to deny qualified immunity on the deliberate indifference claim.

Next, with regard to the equal protection claim—in which Krell named only Braightmeyer—the district court identified two actions that, coupled with Braightmeyer's alleged use of a sexual orientation slur, could constitute an equal protection violation: first, Braightmeyer's refusal to reposition Krell's handcuffs; and second, Braightmeyer's refusal to seek medical care for Krell. On the latter point, Braightmeyer baldly contends that there was no evidence of deliberate indifference. As discussed above, this argument holds no water. On the former point, Braightmeyer appears to suggest that he did not use excessive force when handcuffing Krell, thus precluding a finding that he acted with discriminatory animus when rejecting Krell's request to reposition his handcuffs. But Krell does not need to premise his equal protection claim on some other constitutional violation; rather, he simply must "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *King v. Rubenstein*, 825 F.3d 206, 220 (4th Cir. 2016) (internal quotation marks omitted). Based on Braightmeyer's alleged refusal to alleviate Krell's

pain—a decision punctuated with a vile epithet—we conclude that the district court properly denied qualified immunity to Braightmeyer.[*]

Finally, Defendants aver that, under Maryland law, they are entitled to immunity for Krell's negligence and gross negligence claims. Under the Maryland Tort Claims Act ("MTCA"), state officials generally are immune from suit and liability for torts committed within the scope of their employment, so long as the tortious acts or omissions were "made without malice or gross negligence." Md. Code Ann., Cts. & Jud. Proc. § 5-522(b). Thus, by its terms, the MTCA does not extend immunity to grossly negligent acts, so we therefore discern no error in the denial of immunity on Krell's gross negligence claim.

We agree, however, that Defendants were entitled to immunity on Krell's claim of simple negligence. Although the district court determined that the negligence claim rose and fell with the gross negligence claim, these two torts are, in fact, mutually exclusive of one another. *See Barbre v. Pope*, 935 A.2d 699, 717 (Md. 2007) (defining simple negligence and gross negligence). Thus, a finding of gross negligence necessarily precludes a finding of negligence for the same act or omission.

Accordingly, we vacate the part of the district court's judgment denying immunity to Defendants on Krell's negligence claim, we affirm the remainder of the judgment, and we remand for further proceedings. We dispense with oral argument because the facts and

---

[*] Braightmeyer raises no objection to the district court's determination that, at the time of Krell's arrest, the right to be free from discrimination based on sexual orientation was clearly established.

8

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*
